IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA HARTMAN, on behalf of herself and all others similarly situated,<br>   Plaintiff | Civil Action No.:<br><br>COMPLAINT – CLASS ACTION |
| v. | |
| MEDICREDIT, INC.<br>and JOHN DOES 1-25,<br>   Defendants | JURY TRIAL DEMANDED |

## **COMPLAINT**

### INTRODUCTION

1. Defendant, Medicredit, Inc. ("Medicredit"), violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

2. Medicredit is subject to strict liability for sending collection letters that exposed personal identifying information visibly on the envelope placed in the mail.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in Westmoreland County, Pennsylvania, which is within this District, and because a substantial part of the events giving rise to the claim occurred in this District.

### PARTIES

5. Plaintiff, Melissa Hartman ("Hartman"), is a natural person who resides in the Commonwealth of Pennsylvania and is a consumer as defined in the FDCPA.

6. Medicredit is a business entity with offices at 3620 Interstate 70 Drive SE, Columbia, MO 65201-6582.

7. Medicredit acts as a debt collector as defined by § 1692a of the FDCPA because it regularly uses the mail and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

8. John Does 1-25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## STATEMENT OF CLAIM

9. Hartman allegedly incurred two "UPP University of Pittsburgh Phys" debts (the "Debt").

10. The Debt was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. On or about December 7, 2014, Medicredit mailed two collection letters to Hartman in an attempt to collect the Debt (the "December 7 Letters"). A copy of the December 7 Letters, redacted for security purposes, are attached hereto as Exhibit A.

12. The December 7 Letters were collection letters that were placed into the mail.

13. Visible on the exterior of the the December 7 Letters, above Hartman's name and address, was a number ending in 8651.

14. The December 7 Letters identified the number ending in 8651 as being the consumer number for Hartman.

15. The consumer number constitutes personal identifying information.

16. On at least two occasions, and maybe more, Medicredit exposed Hartman's personal identifying information the letters it sent through the mail.

17. The number is not meaningless – it is a piece of information capable of identifying [the consumer] as a debtor, and its disclosure has the potential to cause harm to a consumer that

the FDCPA was enacted to address. Douglass v. Convergent Outsourcing, 765 F. 3d 299 (Third Cir. 2014).

18. The FDCPA prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt, including the use of any language or symbol other than the debt collector's name and address on any envelope when communicating with a consumer by mail. 15 U.S.C. § 1692f(8).

19. Upon receiving the December 7 Letters, Hartman read them.

20. On information and belief, the December 7 Letters were Medicredit's initial communication with Hartman regarding the Debt.

21. The December 7 Letters contained validation notices.

22. The December 7 letters further stated in part:

> This is to inform you that Upp University of Pittsburgh Phys has placed your account with this agency with the full intention of collecting this account. Please give this past due account the attention it deserves:
>
> Please either:
> 1. Remit payment in full to this office or,
> 2. Contact this office in person or by telephone to arrange resolution of the account.
> 3. For payments, express mail, MoneyGram information, call…

23. After reading said statement, the consumer is left to believe that their only options to avoid further collection activity are paying the alleged debt or contacting them to "arrange resolution," which is untrue.

24. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

25. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

26. On information and belief, Defendant sent a collection letter in the form annexed hereto as Exhibit A to at least 50 natural persons in the Commonwealth of Pennsylvania within one year prior to the date of this Complaint.

## CLASS ACTION STATEMENT

27. Plaintiff brings this action on behalf of herself and of a Class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

28. Plaintiff proposes to define the class as follows:

   a. All Pennsylvania consumers;

   b. Who were sent one or more collection letter(s) from Medicredit;

   c. Attempting to collect a consumer debt allegedly owed to UPP University of Pittsburgh Phys;

   d. Which contained a consumer number visible on the exterior of the letter;

   e. During the one year prior to the filing date of this Complaint.

29. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action.

30. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds or thousands of persons who received debt collection letters or notices from the Defendant that violate specific provisions of the FDCPA.

31. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      a.      Whether Defendant violated the FDCPA;

      b.      Whether Plaintiff and the Class have been injured by Defendant's conduct; and

      c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

32. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

33. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

34. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced and competent attorneys to represent the Class.

35. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this Class Action.

36. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Most are probably unaware that the FDCPA, and their rights, have been violated. Absent a Class Action, Class members will continue to suffer losses of protected rights as well as monetary damages.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

37. Medicredit violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt as described above.

38. Medicredit violated 15 U.S.C. § 1692f(8) by using language or a symbol on any envelope when communicating with a consumer by mail as described above.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e

39. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.

40. Defendant violated the FDCPA, including but not limited to 15 U.S.C. § 1692e, by sending collection letters to Plaintiff and the members of the class that violated provisions of the FDCPA for using language which materially misrepresents to the least sophisticated consumer that in order to avoid further collection activity a consumer must make payment or make other payments arrangements, when in fact pursuant to 15 U.S.C. § 1692c(c) a consumer only needs to inform a debt collector to cease all communications to avoid further collection activities.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g

41. Pursuant to 15 U.S.C. § 1692g, a debt collector must provide notice to consumers within five days of the initial communication regarding the debt, stating the amount of the debt, the name of the current creditor, and explaining the consumer's right to dispute the debt and to obtain verification.

42. The validation notice cannot be overshadowed with other language in the letter.

43. Defendant violated 15 U.S.C. § 1692g by overshadowing the validation notice by stating that Plaintiff only had three options, when in fact Plaintiff also had an option to dispute the debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Mark G. Moynihan, Esq. as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,

Dated: December 7, 2015    By:    /s/ Mark G. Moynihan
Mark G. Moynihan, Esquire
Attorney for Plaintiff
PA 307622
112 Washington Place, Suite 1N
Pittsburgh, PA 15219
Phone: (412) 889-8535
Fax: (800) 997-8192
Email: mark@moynihanlaw.net