IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELISSA HARTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1596 |
| | ) | Judge Mark R. Hornak/ |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| MEDICREDIT, INC. and JOHN DOES 1-25, | ) | Re: ECF No. 38 |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

Plaintiff Melissa Hartman ("Plaintiff") filed this putative class action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, alleging that Defendant Medicredit, Inc. ("Medicredit") violated the FDCPA by sending collection letters that exposed personal identifying information on envelopes placed in the mail. ECF No. 1 ¶¶ 1-2. Before the Court is a Motion to Dismiss filed by Medicredit. ECF No. 38. For the reasons that follow, it is respectfully recommended that the Motion to Dismiss be denied.

### II. REPORT

#### A. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her Complaint on December 7, 2015. ECF No. 1. Therein, she made the following pertinent allegations. Plaintiff incurred two "UPP University of Pittsburgh Phys" debts. Id. ¶ 9. Medicredit mailed two collection letters to Hartman in an attempt to collect the debts. Id. ¶ 11. On the outside of the letters, above Plaintiff's name, was a number, identified in the letters as the consumer number for Plaintiff. Id. ¶¶ 11, 13-14. It is a violation of 15 U.S.C.

§ 1692f(8) for a debt collector to use any language or symbol[1] on an envelope when communicating with a consumer through the mail. Id. ¶ 38.

The instant Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(1), and Brief in support were filed on October 20, 2016. ECF No. 38-39. Plaintiff filed her Response Memorandum of Law in opposition on December 5, 2016. ECF No. 46. Medicredit filed its Reply Brief on December 12, 2016. ECF No. 47. The Motion is now ripe for consideration.

B. STANDARD OF REVIEW

Because Medicredit relies on evidence outside of the pleadings in arguing that the Court lacks jurisdiction, the Motion to Dismiss is a factual challenge under Rule 12(b)(1). "In reviewing a factual attack, the court may consider evidence outside the pleadings and no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." W.S. v. Wilmington Area Sch. Dist., Civ. A. No. 15-406, 2015 U.S. Dist. LEXIS 160146, at *11 (W.D. Pa. Nov. 30, 2015) (citations and quotation marks omitted).

C. DISCUSSION

Relying primarily on the United States Supreme Court decision in Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016), Medicredit argues that Plaintiff lacks standing to maintain an action in federal court because the statutory violation upon which her claim relies cannot alone constitute an injury in fact and Plaintiff has failed to adduce evidence of other harm. Plaintiff argues that the violation of her rights under the FDCPA constitutes a concrete injury in fact. United States District Judge Cathy Bissoon of this Court has recently addressed this issue:

---

[1] A debt collector may use its address and its business name if the name does not indicate that the collector in in the debt collection business. 15 U.S.C. § 1692f(8).

Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III" of the United States Constitution. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) The standing doctrine "developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood." Spokeo, 136 S. Ct. at 1547. Article III standing requires the party invoking jurisdiction to meet three elements:

First, the plaintiff must have suffered an "injury in fact" — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical[.] Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely . . . that the injury will be redressed by a favorable decision.

Bock v. Pressler & Pressler, LLP, ___ F. App'x ___, 2016 U.S. App. LEXIS 13681, 2016 WL 4011150, at *1 (3d Cir. July 27, 2016) (quoting Lujan, 504 U.S. at 560-61 (alterations in original)); Spokeo, 136 S. Ct. at 1547. In Spokeo, the Supreme Court addressed "whether the violation of a procedural right granted by statute presents an injury sufficient to constitute an 'injury in fact' and satisfy the '[f]irst and foremost of standing's three elements.'" Bock, 2016 U.S. App. LEXIS 13681, 2016 WL 4011150, at *1 (quoting Spokeo, 136 S. Ct. at 1547).

Although the Supreme Court in Spokeo did not change the rule for establishing standing, "it used strong language indicating that a thorough discussion of concreteness is necessary in order for a court to determine whether there has been an injury-in-fact." Id. (citing Spokeo, 136 S. Ct. at 1545). The Court emphasized that "the requirements of particularization and concreteness required separate analyses and that neither requirement alone was sufficient." Id.; see also Spokeo, 136 S. Ct. at 1548 ("Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be 'concrete.'"). An alleged statutory violation is not always sufficient to demonstrate a concrete injury. Spokeo, 136 S. Ct. at 1549. A plaintiff "could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." Id. The Court confirmed, however, that "because Congress is well positioned to identify intangible harms that meet minimum Article III requirements . . . . [it] may elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." Id. (internal quotations omitted); see also id. ("'Concrete' is not, however, necessarily synonymous with 'tangible.' Although tangible injuries are perhaps easier to recognize, we have confirmed in many of our previous cases that intangible injuries can nevertheless be concrete."); Bock, 2016 U.S. App. LEXIS 13681, 2016 WL 4011150, at *1. In the case of alleged procedural violations, the question is

"whether the particular procedural violations alleged . . . entail a degree of risk sufficient to meet the concreteness requirement." Spokeo, 1366 S. Ct. at 1550.

The Court of Appeals for the Third Circuit recently addressed Spokeo's impact on Article III standing in In re Nickelodeon Consumer Privacy Litigation, 827 F.3d 262 (3d Cir. 2016); see also (Doc. 89) (addressing In re Nickelodeon). In that case, the Court of Appeals acknowledged that under Spokeo, "even certain kinds of 'intangible' harms can be 'concrete' for purposes of Article III . . . . What a plaintiff cannot do . . . is treat a 'bare procedural violation . . . [that] may result in no harm' as an Article III injury-in-fact." In re Nickelodeon, 827 F.3d at 273-74 (quoting Spokeo, 136 S. Ct. at 1550). The Court of Appeals stated that "in some cases an injury-in-fact may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." Id. at 273. The Court of Appeals noted the Supreme Court's deference to Congress, stating that "Spokeo directs us to consider whether an alleged injury-in-fact 'has traditionally been regarded as providing a basis for lawsuit,'" and that "Congress's judgment on such matters is . . . 'instructive and important.'" Id. (quoting Spokeo, 136 S. Ct. at 1540); see also Bock, 2016 U.S. App. LEXIS 13681, 2016 WL 4011150, at *2.

It is the district court's duty to determine in the first instance whether a plaintiff has Article III standing, including whether the elements of concreteness and particularization are satisfied. See, e.g., Bock, 2016 U.S. App. LEXIS 13681, 2016 WL 4011150, at *2 (remanding case to district court to determine standing); Church v. Accretive Health, Inc., 654 F. App'x 990, 992-93 (11th Cir. July 7, 2016) (noting that standing is a jurisdictional issue that must be addressed prior to and independent of the merits of plaintiff's claims); Cruper-Weinmann, 653 F. App'x at 81-82; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing" standing. Spokeo, 136 S. Ct. at 1547.

Kaymark v. Udren Law Offices, P.C., Civ. A. No. 13-419, 2016 U.S. Dist. LEXIS 171061, at *9-12 (W.D. Pa. Dec. 12, 2016).

In Kaymark, the Court thoroughly examined the decisions of other district courts on this issue and concluded that, via the FDCPA, debtors have a statutory right to be free from harmful debt-collection practices and that a violation of the FDCPA constitutes a concrete injury and satisfies Article III's injury-in-fact requirement. 2016 U.S. Dist. LEXIS 171061 at *18-19.

4

The Court notes that the Kaymark decision is in accord with another decision of this Court, Sullivan v. Allied Interstate, LLC, Civ. A. No. 16-203, U.S. Dist. LEXIS 145451 (W.D. Pa. Oct. 18, 2016), *adopted*, 2016 U.S. Dist. LEXIS 170333 (W.D. Pa. Dec. 9, 2016)), in which a violation of substantive rights under the FDCPA was found to be an actual, concrete injury.

In the instant case, Plaintiff alleges a violation of the FDCPA - specifically, conduct by Medicredit that is identified in the FDCPA as an "unfair practice." 15 U.S.C. § 1692f(8). Plaintiff has a statutory right to be free from such conduct and the alleged violation of that right constitutes a concrete injury. Thus, she has standing to pursue this action in federal court.

### D. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss, ECF No. 38, be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: December 20, 2016

cc: The Honorable Mark R. Hornak
United States District Judge

All Counsel of Record via CM-ECF